# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-1624

TIMOTHY WEBMOOR,

    Plaintiff,

v.

EQUIFAX, INC., a Georgia limited liability company, and MIDLAND FUNDING LLC, a Delaware limited liability company, MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

    Defendants.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Timothy Webmoor ("**Plaintiff**"), an individual consumer, against Equifax, Inc. ("**Equifax**"), Midland Funding LLC (**"Midland"**), and Midland Credit Management, Inc. (**"MCM"**) (collectively the **"Defendants"**) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("**FCRA**"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("**FDCPA**").

2. This is a case about the Defendants' willful failure to correct a consumer's credit report and Midland's persistent refusal to abide by the terms of a settlement agreement by continuously reporting false and misleading credit information.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Defendants transact business in this District, specifically, Equifax engages in commercial activities here by marketing and selling its credit reporting services to businesses and citizens of this district, and the conduct complained of occurred in this District.

## PARTIES

6. Plaintiff is an individual and resides in Jefferson County, Colorado.

7. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1681a(c).

8. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3)

9. Equifax is a Georgia corporation.

10. Equifax does business in Colorado and its registered agent, the Corporation Service Company, has an office address at 1560 Broadway, Suite 2090, Denver, CO 80202.

11. Equifax is a consumer reporting agency as that term is defined in 15 U.S.C. § 1681a(f).

12. Equifax regularly for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses the means and facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

13. Midland is a Delaware limited liability company incorporated under the laws of Delaware.

14. Midland is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

2

15. Midland uses the instrumentalities of interstate commerce or the mail to collect debts and its principal purpose is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Midland's registered agent, the Corporation Service Company, is located at 1560 Broadway, Suite 2090, Denver, CO 80202.

17. Midland is a "furnisher" as that term is defined under 16 CFR § 660.2(c).

18. Midland furnishes information regarding consumers for inclusion in credit reports to one or more credit reporting bureaus including Equifax, Experian, and Transunion.

19. MCM is a Kansas corporation.

20. MCM does business in Colorado and maintains a registered agent, the Corporation Service Company, 1560 Broadway, Suite 2090, Denver, CO 80202.

21. MCM is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

22. MCM uses the instrumentalities of interstate commerce or the mail to collect debts and its principal purpose is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

23. MCM is a "furnisher" as that term is defined under 16 CFR § 660.2(c).

24. MCM furnishes information regarding consumers for inclusion in credit reports to one or more credit reporting bureaus including Equifax, Experian, and Transunion.

25. MCM services debts on behalf of Midland.

26. MCM is an affiliate of Midland.

## LEGAL BACKGROUND

**The Fair Credit Reporting Act**

27. In passing the FCRA, Congress found that "[t]he banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

28. To address this issue, Congress prohibited furnishers of credit information from knowingly reporting inaccurate credit information to consumer reporting agencies and mandated that furnishers promptly update and correct inaccurate credit information. 15 U.S.C. § 1681s-2(a)(1), (2).

**The Fair Debt Collection Practices Act**

29. In passing the FDCPA, Congress noted, "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## FACTS

30. In 2014, Midland filed suit against Plaintiff in case number 2014C43356 to collect a debt in Jefferson County.

31. The debt is specifically identified by Midland account number 855928371 (the **"Debt"**).

32. The Debt is a "Debt" as that term is defined under the FDCPA.

4

33. The Debt was incurred for family, personal, or household purposes in that it was allegedly incurred by Plaintiff on his personal credit card.

34. Midland obtained the Debt after the Debt was in default.

35. MCM services the Debt on behalf of Midland.

36. On April 10, 2015, Midland and Plaintiff entered into a settlement agreement where Midland agreed to delete trade lines on Plaintiff's credit report regarding the Debt (the **"Settlement Agreement"**) among other things.

37. The Settlement Agreement was signed by both Midland and Plaintiff.

38. Pursuant to the Settlement Agreement Midland dismissed its Jefferson County Case against Plaintiff with prejudice.

39. However, Midland/MCM continued reporting Plaintiff's Debt on one or more of Plaintiff's credit reports including Equifax.

40. Midland/MCM continued to falsely report that Plaintiff owed the Debt to Midland/MCM on his Experian credit report despite the fact that Midland/MCM dismissed the case with prejudice and released Plaintiff of any liability.

41. In August 2015, Plaintiff sent a dispute letter to Experian with supporting documentation, including the Settlement Agreement, showing that Midland was to delete the trade line associated with the Debt

42. In October 2015, Plaintiff sent a letter to MCM the servicer of the Debt, asking Midland to abide by the terms of the Settlement Agreement and delete and remove the trade lines associated with the Debt.

43. On or about September 25, 2015, MCM, on behalf of Midland, responded to Plaintiff's dispute by sending a form letter stating that Midland would continue to report the Debt, but would change the Debt's status to disputed.

44. On or about December 11, 2015, Equifax responded to Plaintiff's dispute letter by stating that Midland was no longer reporting the Debt on Plaintiff's credit report.

45. However, Equifax's statement was false.

46. After December 11, 2015, Midland/MCM continued reporting the Debt on one or more of Plaintiff's credit reports including Equifax.

47. On or about March 7, 2017, Plaintiff again sent a dispute letter to Equifax asking them to delete the tradelines associated with the Debt.

48. On April 1, 2017, Equifax responded to Plaintiff's dispute letter by stating that Midland/MCM was not reporting the Debt on the credit file.

49. However, when Plaintiff checked his credit report in June of 2017, Midland/MCM was still reporting the Debt on his credit report.

50. Midland/MCM's reporting of credit information that should have been removed from Plaintiff's credit report pursuant to the Settlement Agreement is unfair and unconscionable.

51. The information Midland/MCM are reporting regarding the Debt on Plaintiff's credit report is false and misleading.

52. The least sophisticated consumer would be misled by Midland/MCM's reporting of information on their credit report when such information should have been deleted pursuant to a settlement agreement.

53. Defendants publication of false and misleading information on Plaintiff's credit report has caused Plaintiff damages including, but not limited to, damage to his reputation and credit rating.

54. Defendants published false information regarding the Debt on Plaintiff's credit report knowing it was false.

## COUNT I
### (Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*)

55.     Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

56.     15 U.S.C. § 16181s-2(a)(1)(A) prohibits any person from furnishing "information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

57.     According to 16 CFR § 660.3, "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency."

58.     Midland/MCM knew, or had reasonable cause to believe, that the Debt was to be deleted from Plaintiff's credit report.

59.     Despite knowing, or having reasonable cause to believe, that Plaintiff did not owe the Debt and the trade line was to be deleted, Midland/MCM reported such information to one or more consumer reporting agencies including Equifax.

60.     As a direct consequence of Midland/MCM's acts, practices, and conduct, Plaintiff has suffered, and continues to suffer, from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

61.     Plaintiff has suffered and continue to suffer actual damages as a result of Midland/MCM's unlawful conduct, including, but not limited to, damages for loss of credit opportunities.

62.     Midland/MCM's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Midland/MCM was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

63. Plaintiff is entitled to recover costs and attorney's fees from Midland/MCM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

64. Plaintiff has suffered damages including the loss of credit opportunities due to Defendants' conduct.

## COUNT II
### (Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*)

65. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

66. The FCRA requires a credit reporting bureau establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.  15 U.S.C. § 1681e(b).

67. The FCRA states, "…if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period that is relevant to the reinvestigation."  15 U.S.C. § 1681i(a)(1)(A).

68. The FCRA requires that a consumer reporting bureau promptly delete or modify inaccurate, incomplete, or unverifiable information, as appropriate, based on the results of the reinvestigation and promptly notify the furnisher of that information that the information has been modified or deleted.  15 U.S.C. § 1681i(a)(5)(A)(i), (ii).

69. "The consumer reporting agency must maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted…." 15 U.S.C. § 1681i(a)(5)(C).

8

70. If any information that has been deleted from a consumer's file is reinserted in the file, the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available. 15 U.S.C. § 1681i(a)(5)(B)(ii).

71. Any information reinserted into a consumer's file by a furnisher must come with a certification by the furnisher that the information is complete and accurate. 15 U.S.C. § 1681i(a)(5)(B)(i).

72. Equifax did not conduct a reasonable investigation to determine whether the disputed information in Plaintiff's credit file is inaccurate and then delete the item from Plaintiff's file.

73. Equifax did not maintain reasonable procedures to prevent the reappearance of the deleted information in Plaintiff's file.

74. Equifax did not maintain procedures to ensure maximum possible accuracy in the preparation of the credit report and credit files.

75. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

76. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
### (Violations of FDCPA, 15 U.S.C. § 1692 *et seq.*)

77. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

78. The FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

79. The FDCPA prohibits a debt collector from making any false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

80. The FDCPA prohibits a debt collector from communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

81. The FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

82. Midland and MCM violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692(f) by reporting Plaintiff owed the Debt on his credit report when Midland/MCM knew it was false and that they had agreed to remove from Plaintiff's credit report pursuant to the Settlement Agreement.

83. Plaintiff has suffered and continues to suffer damages as a result of Midland and MCM's conduct in an amount to be determined at trial.

84. Plaintiff continues to suffer from emotional distress from Midland and MCM's conduct.

### COUNT IV
### (Breach of Contract)

85. Plaintiff incorporates all of the foregoing allegations by reference as though fully set forth herein.

86. Midland entered into a contract, the Settlement Agreement, with Plaintiff in which Midland agreed to remove information regarding the Debt contained in Plaintiff's credit report.

87. Midland failed to remove information related to the Debt from Plaintiff's credit report.

88. Midland continued to report information related to the Debt on Plaintiff's credit report.

89. Plaintiff has substantially performed and complied with his obligations under the Settlement Agreement.

90. Plaintiff has suffered damages as a result of Midland's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Timothy Webmoor prays for relief and judgment against Defendants, as follows:

1. Awarding Plaintiff actual and statutory damages pursuant to 15 U.S.C. §§ 1681n, 1681o; and 15 U.S.C. § 1692k.

2. Awarding Plaintiff all reasonably foreseeable damages that directly resulted from the breach;

3. Awarding Plaintiff special damages;

4. Awarding Plaintiff equitable relief;

5. Awarding Plaintiffs reasonable attorney fees and costs incurred in this action;

6. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

7. Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Plaintiff Timothy Webmoor is entitled to and hereby demands a trial by jury.

Dated: July 5, 2017

    Respectfully submitted,

/s/ Ahson Wali
Ahson B. Wali
Elinoff & Associates LLC
4280 Morrison Road
Denver, CO 80219
Ph: (303)335-0250
Fax: (303)296-4586
Email: aw@elinofflegal.com